IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW VENGHAUS,<br>*Plaintiff*,<br>v.<br><br>NRG ENERGY, INC.<br>*Defendant.* | CA No.: _____<br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Matthew Venghaus, (hereinafter referred to as "Plaintiff") complaining of and against NRG Energy, Inc. (hereinafter referred to as "Defendant" or "NRG") and for cause of action respectfully shows the court the following:

### 1. INTRODUCTION

1.1   Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

1.2   Plaintiff files this Complaint alleging sex discrimination, sexual harassment/hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), disability discrimination in violation of the Americans with Disabilities Act, as amended, retaliation and interference pursuant to the Family Medical Leave Act, and retaliation based on the Texas Workers Compensation Act.

1.3   This action seeks compensatory damages plus lost wages (past, present and future), attorney's fees, taxable court costs, pre-judgment and post judgment interest.

### 2. PARTIES AND PROVISION FOR SERVICE OF CITATION

2.1   Plaintiff is an individual residing in Humble, Harris County, Texas.

2.2  Defendant employs more than fifteen (15) regular employees with its principal place of business in New Jersey. Defendant does business in Texas and can be served by serving its Registered Agent for service of process, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### 3. VENUE & JURISDICTION

3.1  Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the matter in controversy before the court occurred in this district and because Defendant has substantial contacts within this district.

3.2  This Court has subject matter jurisdiction over this case based on federal question jurisdiction, under 28 U.S.C. §1331, under the Americans with Disabilities Act, 42 U.S.C. §12101 and the Family Medical Leave Act, 29 U.S.C. §2601 et. seq.

3.3  Actual damages are sought pursuant to the Title VII, ADAA, FMLA, and the Texas Workers' Compensation Act.

3.4  Liquidated and injunctive relief is sought pursuant to the Title VII, ADAA, and the Family Medical Leave Act.

3.5  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205, Rule 54, FRCP, Title VII, the FMLA, and the Texas Workers Compensation Act.

3.6  Compensatory damages may be awarded pursuant to the Title VII, ADAA, the Family Medical Leave Act, and the Texas Workers Compensation Act.

3.7  Punitive damages may be awarded pursuant to the ADAA and the Family Medical Leave Act.

## 4. PROCEDURAL PREREQUISITES

4.1   All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the relevant agency (EEOC).

4.2   Plaintiff has completed all administrative conditions precedent, since Plaintiff filed his charge of discrimination within 180 days of the date Plaintiff learned of the adverse employment action.[1]

## 5. FACTS

5.1   NRG employed Plaintiff as a plumber technician. He began working for NRG in or about October 2012 and was wrongfully terminated on or about Feb. 25, 2017.

5.2   On or about the end of summer 2016, Plaintiff was working at a customer's home installing a faucet under the sink.  When Plaintiff came out from under the sink the customer was standing over him masturbating.  Plaintiff reported this incident immediately to NRG and was instructed to fill out a police report.  Plaintiff completed the police report as instructed.

5.3   Plaintiff was also instructed by NRG to write a statement for them internally regarding the incident.  He completed the statement and asked for the incident to be kept in confidence as NRG investigated the matter.  This did not occur and many managers and employees knew about the incident and began teasing Plaintiff and making sexually suggestive and offensive comments to Plaintiff and/or around him related to the incident.

5.4   A few weeks after the incident with the customer occurred, several managers began harassing Plaintiff.  These managers made sexual and offensive comments such as but not limited to; (1) if you want to have sex, you know where to go (directed at Plaintiff) (2)

---

[1] Plaintiff requested his Right to Sue from the EEOC however, as of the date this lawsuit is filed, Plaintiff has not yet received his Notice of Right to Sue.  Plaintiff acknowledges that he asserts Title VII claims herein and will amend this Complaint, if necessary, once his Right to Sue is received.

there is no one here if you want to get under the desk (statement made to Plaintiff), and (3) when Plaintiff was bending down to pick something up he was told to stay in that position a little longer (in a sexually suggestive manner).  These are just some of the comments that were made that were sexual in nature, offensive and made Plaintiff very uncomfortable in his work environment.

5.5   Plaintiff complained to NRG repeatedly about these comments.  On one occasion when these comments were being made he asked them to stop and he was called a "pussy" by the plumbing supervisor, Jerry Collier.

5.6   In or about December 2016, the customer involved in the indecent exposure and sexual harassment incident arrived at Plaintiff's house.  Plaintiff did not know how this individual obtained his home address however, Plaintiff's plumbing license is public information and he could have obtained it though that medium.  Plaintiff was very alarmed as his child was in his front yard at the time.  Plaintiff immediately reported the incident on December 22, 2016 to Mark Fowler, General Manager, and Jim Woods (AC manager), Robert Koster, (plumbing manager), and Ricky Tyler, (responsible master plumber).

5.7   Plaintiff was told by Michelle Smith, the Human Resources Manager to keep his mouth shut or he would not have a job.  Plaintiff also reported the incidents that occurred with the customer and the offensive sexual comments that were being made to him by managers to NRG Human Resources representatives.  Nothing was done to address his complaints. Plaintiff spoke with Michelle Smith who was the HR manager (she replaced Sandra Ginn who was the HR manager Plaintiff originally spoke with).

5.8   On or about January 25, 2017 Plaintiff was injured while at work.  While at a client's home installing a generator, Plaintiff was rendered unconscious and suffered a strain and tear in

his lower back. Plaintiff informed his supervisor, Robert Koster and Diego Salazar, the Safety Coordinator, of what happened. After being seen by the nurse, Plaintiff was told to go home and take a few days off work.

5.9   Plaintiff filed a workers compensation claim due to this on-the-job injury.

5.10  The same day of Plaintiff's injury, on January 25, 2017, he was issued a write-up being accused of engaging in side work against company policy. Plaintiff had been employed by the company for approximately five and a half (5 ½) years at this time and had not faced any disciplinary actions nor was he ever accused of engaging in side-work against company policy.

5.11  On or about Feb. 22, 2017, Plaintiff went on FMLA leave for three (3) days related to his on-the-job injury. Plaintiff was put on medical leave by the company doctor at the time as his injuries interfered with his ability to work.

5.12  On February 25, 2017, Plaintiff was informed by Robert Koster and Michelle Smith that he was being terminated for engaging in side plumbing work against company policy. This was not true.

## 6.   CAUSES OF ACTION

### A.
### Workers' Compensation Retaliation under the Texas Workers' Compensation Act

6.1   Plaintiff hereby incorporates and re-alleges each and every paragraph of the facts.

6.2   Defendant retaliated against Plaintiff by taking adverse personnel actions against him for filing a workers' compensation claim.

6.3   Plaintiff contends that Defendans took such adverse actions as retaliation in violation of the Texas Workers' Compensation Act; specifically, discharging him because he in good faith filed a worker's compensation claim.

6.4   As a direct and proximate result of the actions of Defendant, Plaintiff suffered and continues to suffer severe emotional distress.

6.5   As a direct and proximate result of the aforementioned arbitrary and capricious acts, Plaintiff has suffered severe and grievous harm.

## B.
## Hostile Work Environment/Sexual Harassment and Retaliation

6.6   Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.7   Plaintiff was sexually harassed and/or subject to a hostile work environment based on his sex, as described above, in violation of his rights under the Texas Labor Code Section 21.051. Defendant, knew or should have known of the harassment, yet failed to take prompt remedial action.

6.8   Plaintiff was a victim of uninvited sexual harassment. The sexual harassment was based on Plaintiff's sex and it affected a term, condition, or privilege of Plaintiff's employment.

6.9   Plaintiff complained regarding the sexual harassment. Therefore, Defendant knew or should have known of the harassment and failed to take prompt remedial action.

6.10  Plaintiff suffered damages as a result of Defendant's actions/failure to take prompt remedial action.

6.11  Section 21.055 of the Texas Labor Code provides that an employer commits an unlawful employment practice if it retaliates or discriminates against a person who opposed a discriminatory practice or files a complaint.

6.12  An unlawful employment practice occurred in this instance because Defendant retaliated and discriminated against Plaintiff for opposing sexual harassment/sex discrimination.

6.13  Plaintiff has suffered damages as a result of Defendant's actions.

## C.
## Disability Discrimination

6.14 Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.15 Plaintiff was a member of a protected class due to his status as a qualified individual with a disability at the time of his termination.

6.16 Plaintiff was qualified for his position at the time of his termination.

6.17 Plaintiff was terminated despite his qualifications.

6.18 Upon information and belief, Plaintiff was replaced by a non-disabled individual outside of his protected classes (disability).

6.19 Plaintiff's disability was a determining factor in the adverse actions taken against him including the decision to terminate his employment.

6.20 Plaintiff alleges Defendant violated the ADAA when Defendant took adverse employment actions against him based on his disability including but not limited to termination.

## D.
## Family Medical Leave Act Interference and Retaliation

6.21 Plaintiff hereby incorporates and realleges each and every paragraph of the facts.

6.22 <u>Family Medical Leave Act Retaliation</u> − Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity in taking FMLA leave.

6.23 <u>Family Medical Leave Act Interference</u> − Based on the above facts, Defendant violated the Family Medical Leave Act and interfered with Plaintiff's leave rights under the FMLA.

6.24 The above-described actions of Defendant were not in good faith and Defendant did not have reasonable grounds for believing that its acts or omissions were not violations of the law.

## 7. TIMELINESS

7.1   Plaintiff brought this suit within 2 years of the date of the alleged violation.

## 8. DAMAGES

8.1   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility.

## 9. EXEMPLARY DAMAGES

9.1   Defendant's actions were harsh, oppressive and malicious and as a further and proximate cause Plaintiff has suffered serious mental anguish. The wrong done by Defendant aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Defendant acted with an evil intent to arm Plaintiff. The conduct was intentional, with conscious indifference to the rights of Plaintiff and without justification or excuse. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## 10. JURY DEMAND

10.1   Plaintiff hereby requests a jury trial.

## 11. PRAYER

11.1   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant to be cited to appear and answer, and that on final hearing of this cause, Plaintiff have the following relief:

11.2   Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

11.3   Judgment against Defendant, for backpay lost by Plaintiff as alleged herein;

11.4   Judgment against Defendant, for front pay by Plaintiff as alleged herein;

11.5   Grant Plaintiff general damages for the damage to his reputation;

11.6   Pre-judgment interest at the highest legal rate;

11.7   Post-judgment interest at the highest legal rate until paid;

11.8   Punitive damages;

11.9   Compensatory damages for mental pain and mental anguish;

11.10  Exemplary damages;

11.11  Attorneys' fees.

11.12  All costs of court expended herein;

11.13  Such other and further relief, at law or in equity, general or special to which Plaintiff may show himself to be justly entitled.

                                                      Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
Texas State Bar ID No. 17268750
USDC SD/TX No. 7325
Gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID No. 24090230
Tracey@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300 (Telephone)
(713) 621-6670 (Facsimile)
Attorneys-in-Charge for Plaintiff

of Counsel:
ROSENBERG & SPROVACH                              ATTORNEYS FOR PLAINTIFF